IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN K. HANKINS | : | CIVIL ACTION |
|  | : | NO. 13-4929 |
| v. | : | |
|  | : | |
| CAROLYN W. COLVIN, | : | |
| Commissioner of Social Security | : | |

O'NEILL, J.                                                                                           February 18, 2015

## MEMORANDUM

In this action, plaintiff Dawn Hankins seeks judicial review of the adverse final decision of the Commissioner of the Social Security Administration denying her claims for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. I previously declined to remand her case for further review and affirmed the adverse decision below. See Dkt. No. 23. Now before me is plaintiff's motion to alter or amend my order pursuant to Federal Rule of Civil Procedure 59(e) (Dkt No. 25) and defendant Commissioner's response (Dkt. No. 26). For the following reasons, I will deny plaintiff's motion for reconsideration.

## DISCUSSION

Hankins was denied benefits after a hearing before an ALJ who determined that she was not disabled as defined by the Social Security Act. See Dkt. No. 6-2 at ECF p. 28. Hankins appealed the ALJ's decision to the Appeals Council and was denied review. See id. at ECF p. 3-5. Hankins then brought this action seeking review of the Commissioner's decision to deny her claims for benefits. I referred this matter to Magistrate Judge M. Faith Angell, who issued a report and recommendation (R&R) recommending remand of the matter to the ALJ for further review. See Dkt. Nos. 13 and 19. The Commissioner submitted objections to which Hankins

responded.  See Dkt. Nos. 20 and 22.

I affirmed and adopted Judge Angell's recommendation that the ALJ properly accounted for Hankins' hospitalizations, surgeries and recovery time in her RFC determination, a recommendation to which Hankins filed no objection.  See Dkt. No. 23 at ECF p. 20.  I also affirmed and adopted Judge Angell's recommendation that the ALJ committed error in the analysis of Hankins' mental impairments at step two of the sequential analysis.  Id.  However, I found that the ALJ's error at step two was harmless.  Id.  Additionally, I did not adopt the R&R's findings that the ALJ insufficiently considered Hankins' obesity and that the ALJ failed to show proper deference to Hankins' treating physicians.  Id.  I found that the ALJ's consideration of Hankins' mental limitations in her residual functional capacity (RFC) determination was supported by substantial evidence in the record.  Id.  Thus, I affirmed the ALJ's decision and did not remand the case for further review.  Id.

Hankins seeks reconsideration of my order on two grounds.  First, Hankins challenges my decision that the ALJ's error at step two was harmless and that the ALJ's RFC determination regarding Hankins' mental limitations was supported by substantial evidence.  Second, Hankins challenges my decision to adopt Judge Angell's recommendation that the ALJ's RFC determination adequately considered her hospitalizations, surgeries and recovery time.

Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1(g) of this Court allow parties to file motions to reconsider or alter a judgment.[1]  In order to prevail on a motion for reconsideration, the moving party must show one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café v. Quinteros, 176 F.3d 669, 667 (3d Cir. 1999).

---

[1] Plaintiff's motion was timely under Rule 59(e).  See Fed. R. Civ. P. 59(e).

Motions for reconsideration are extraordinary remedies and thus are granted only "sparingly because of the interests in finality and conservation of scarce judicial resources." Pa. Ins. Guar. Ass'n v. Trabosh, 812 F. Supp. 522, 524 (E.D. Pa. 1992). The moving party bears a substantial burden, which cannot be satisfied through "recapitulation of the cases and arguments considered by the court before rendering its original decision." Young Jewish Leadership Concepts v. 939 HKH Corp., No. 93-2643, 1994 WL 184410, at *1 (E.D. Pa. May 10, 1994), citing Starr v. J.C.I. Data Processing, Inc., 767 F. Supp. 633, 635 (D.N.J. 1991). "[A] motion for reconsideration 'addresses only factual and legal matters that the Court may have overlooked . . . . It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through — rightly or wrongly.'" Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (citations omitted). "[M]ere disagreement" with the Court's decision is not grounds for reconsideration. Meachum v. Temple Univ. of the Commw. Sys. of Higher Educ., 56 F. Supp. 2d 557, 557 n.2 (E.D. Pa. June 30, 1999), citing Bermingham v. Sony Corp., 820 F. Supp. 834, 856 (D.N.J. 1992).

Hankins argues that reconsideration is warranted in order to "correct a clear error of law or fact or to prevent manifest injustice." Hankins' first argument in support of reconsideration is that the ALJ's failure to consider the severity of Hankins' mental limitations at step two did not constitute harmless error because, Hankins argues, the ALJ did not include any mental limitations in her RFC as a result. Dkt. No. 25 at ECF p. 1. Hankins maintains that the ALJ failed to consider Hankins' mental impairments in constructing her RFC. Id.

Hankins' argument is not new. She now makes the same argument on this issue as she did in previous rounds of briefing. See Dkt. No. 9 at ECF p. 18-19; Dkt. No. 14 at ECF p. 7; Dkt. No. 18 at ECF p. 7:11-9:7, 16:17-24; Dkt. No. 22 at ECF p. 3-4. Hankins claims, however,

3

that I "failed to appreciate" the impact of the ALJ's findings regarding the medical opinions in the record although I did "address[] the RFC issue." Dkt. No. 25 at ECF p. 1. I disagree.

I previously examined and addressed Hankins' argument after careful consideration of the record, the R&R and the parties' filings and found that the ALJ's RFC determination regarding Hankins' mental limitations was supported by substantial evidence. See Dkt. No. 23 at ECF p. 17 ("Given the conclusory nature of much of the medical evidence regarding functional limitations, it is important to note that '[a] lack of evidentiary support in the medical record is a legitimate reason for excluding claimed limitations from the RFC.'"), quoting Salles v. Comm'r of Soc. Sec., 229 F. App'x 140, 148 (3rd Cir. 2007). Hankins may not use a Rule 59(e) motion to raise the same arguments she has already made; such motions are reserved for issues of law or fact a court may have overlooked. Compare Dkt. No. 25 at ECF p. 3 (Hankins' brief in support of reconsideration arguing that "[t]he ALJ rejected every single medical opinion, including the opinion of the Agency's own reviewing psychologist . . . and relied entirely on her own lay judgment to render an RFC finding that was devoid of any mental limitations.") with Dkt. No. 9 at ECF p. 18 (Hankins' opening brief arguing that "[the ALJ] rejected all of the medical opinion evidence in the record concerning Ms. Hankins'[] major depression/affective disorder . . . . As a result, ALJ's RFC finding regarding claimant's psychiatric problem is based upon her own lay judgment devoid of any medical foundation."). Thus, I decline to reconsider my decision regarding the ALJ's determination of Hankins' mental limitations in her RFC.

Hankins' second argument in support of reconsideration challenges my decision to adopt Judge Angell's recommendation that the ALJ had adequately considered Hankins' hospitalizations, surgeries and recovery time in her RFC. Dkt. No. 25 at ECF p. 6. Hankins did not object to this recommendation. Nor did Hankins raise any objections in her brief opposing

the Commissioner's objections to the R&R.  Absent any objections, Hankins was not entitled to de novo review of the R&R on this issue.  See 28 U.S.C. § 636(b)(1)(C).  However, I was still required to "give some reasoned consideration to the magistrate's report before adopting it as the decision of the court."  Henderson v. Carlson, 812 F.2d 874, 878-79 (3d Cir. 1987).  I did so.  After reviewing the R&R, the relevant authorities, the record and the parties' briefings I concluded that the R&R should be affirmed and adopted on the issue of Hankins' RFC relating to her hospitalizations, surgeries and recovery time.  Hankins has not shown that reconsideration of my conclusion on this issue is necessary to correct a clear error of law or fact or to prevent manifest injustice.

Further, even if Hankins had timely objected to the R&R on this point, here too she impermissibly relies on the same argument she has made numerous times before — that, given the ALJ's statements in her hearing and the functional limitations assigned by medical sources, she was at least entitled to a closed period of disability in which she had greater limitations than what the ALJ ultimately determined in her RFC.  This is not a valid basis for granting reconsideration.  See Dentsply Int'l, Inc. v. Kerr Mfg. Co., 42 F. Supp. 2d 385, 419 (D. Del. 1999) (noting that motions for reconsideration "should not be used to rehash arguments already briefed"); compare Dkt. No. 25 at ECF p. 6-8 with Dkt. No. 9 at ECF p. 12-14; Dkt. No. 14 at ECF p. 2, 6, 8; Dkt. No. 18 at ECF p.5:2-6:13, 16:16-17:9.

For both of these reasons, I decline to reconsider my adoption of the R&R's finding that the ALJ's RFC determination adequately considered Hankins' hospitalizations, surgeries and recovery time.

An appropriate Order follows.